# SUPREME COURT.

JANE A. LASHER and others agt. THE NORTHWESTERN NATIONAL INSURANCE COMPANY.

*Fire insurance — Warranty by insured — Estoppel — Demurrer to a reply — Reference.*

Where the policy of insurance was issued to plaintiff as the owner of certain personal property, the language used therein importing that there was a warranty by her that she was the owner thereof in fact at the time of such insurance when she really was only the possessor of such property under a contract of purchase upon which she had made payments to a considerable amount, and where the defendant (the insurance company) was truly apprised by her, at the time of the application for the policy, of her interest in the insured property, and the company itself, after such information, writing the application, making out and delivering the policy as sufficient in form and language to indemnify the parties interested against loss by fire to the extent stated in such policy, and receiving from the insured the premium on the faith of the validity of the insurance:

*Held,* that on such a state of facts the plaintiff was entitled to recover.

When an insurance company has not been in any way deceived, and when it draws an application for a policy in a particular form, stating, in effect, that it truly embodies the position the party occupies as to the property from such statement, and then upon the receipt of the premium delivers a policy as valid and effectual to indemnify the insured against loss by fire to the property under the circumstances truthfully disclosed:

*Held,* that such company cannot set up the want of literal and exact truth in the papers which it has itself prepared, and allege its own ignorance or fraud as a defense to the contract which it delivered as valid and legal.

Upon such facts the company is *estopped* from denying the truth of the written statements which it has caused the insured to make.

There can be no breach of a warranty unless its falsity can be shown.

Where both parties, with a knowledge of the actual facts, contract upon the faith that the legal position resulting from such actual facts is truly

Lasher agt. Northwestern National Insurance Co.

expressed in writing, and so long as there is no actual fraud or misrepresentation, both parties are concluded and *estopped* from denying the truth of that which has thus been expressed.

The case of *Kennedy* agt. *St. Lawrence County Mutual Insurance Company* (10 *Barb.*, 289) commented on and criticised.

. Where a policy of insurance contained a clause to the effect that "if differences of opinion should arise between the parties hereto as to the *amount* of loss or damage upon property partially damaged, the *subject* shall be referred to two disinterested and competent men, each party to select one (and in case of disagreement they to select a third) who shall, under oath, ascertain, estimate and appraise such partial loss or damage upon each article separately, and their award in writing shall be binding on the parties hereto, each party paying one-half the expense of reference:"

*Held,* that the insured could recover without an offer to refer, where there is no dispute "as to the *amount* of loss or damage," the only question being as to the validity of the policy. The clause in the policy provides only for a case of difference as to the *amount* of a loss.

*Ulster Special Term, March,* 1876.

DEMURRER to a reply.

*Wm. Lounsbery,* for plaintiffs.

*Norwood & Coggeshall,* for defendant and demurrer.

WESTBROOK, *J.* — The demurrer to the reply in this cause presents, substantially (and the defendant has only argued) two questions:

First. Conceding that the policy of insurance is issued to Jane A. Lasher, as the owner of certain personal property, the language used therein importing that there was a warranty by her that she was the owner thereof in fact at the time of such insurance, and further, conceding that she really was only the possessor of such property under a contract of purchase upon which she had made payments ·to a considerable amount, can she recover, provided the defendant was truly apprised by her, at the time of the application for the policy, of her interest in the insured property, and the

defendant itself, after such information, writing the application, making out and delivering the policy as sufficient in form and language to indemnify the parties interested against loss by fire to the extent stated in such policy, and receiving from the insured the premium on the faith of the validity of the insurance? In other words, when an insurance company has not been in any way deceived, and when it draws an application for a policy in a particular form stating, in effect, that it truly embodies the position the party occupies as to the property from such statement, and then, upon the receipt of the premium, delivers a policy as valid and effectual to indemnify the insured against loss by fire to the property, under the circumstances truthfully disclosed, can such company set up the want of literal and exact truth in the papers which it has itself prepared, and allege its own ignorance or fraud as a defense to the contract, which it delivered as valid and legal?

Second. When a policy of insurance contains a clause to the effect, " If differences of opinion should arise between the parties hereto, as to the *amount* of loss or damage upon property partially damaged, the *subject* shall be referred to two disinterested and competent men, each party to select one (and in case of disagreement they to select a third), who shall, under oath, ascertain, estimate and appraise such partial loss, or damage, upon each article separately, and their award in writing shall be binding on the parties hereto, each party paying one-half the expense of reference;" can the insured recover, when there is no dispute " as to the *amount* of loss or damage," and the only question is as to the validity of the policy, without an offer to refer?

Time will not allow me to prepare an elaborate opinion upon the questions submitted, nor is it necessary, as they seem to me to depend upon simple principles. Regarding them in the order stated, upon the first point, we observe :

The insured is oftentimes ignorant of the mode and manner of effecting an insurance. Technical terms and phrases are

Lasher agt. Northwestern National Insurance Co.

seldom comprehended by the party applying for a policy of insurance, and the papers are prepared by the insurer as a rule, who knows, from familiarity with that business, the force of every term employed. In this cause, according to the allegations in the pleadings which the demurrer admits, the plaintiff, a lady, applies to the defendant for a policy of insurance upon personal property, her exact interest in which she truly states. The proposition to insure is accepted, and the defendant prepares the papers, which, by the simple act of delivery upon such a proposition, and its acceptance, it assures her are valid and sufficient to accomplish that object. Relying upon the truth of that assurance, which is plainly involved in the circumstances we have detailed, the premium is paid, and the contract accepted. In the course of time a loss occurs, and the indemnitor defends upon the ground that it (the company) has induced the insured, who meant to be honest, to tell an untruth upon paper, which untruth (of which the insured was ignorant) contrary to the express assurance of the company involved in the act of the delivery of the policy, vitiates and avoids the contract, upon which the insured, in the security of ignorance, reposed. If this is the law, it is not justice. Upon such facts, I hold that the party is estopped from denying the truth of the written statements which it has caused the other to make. Both parties, with a knowledge of the actual facts, contract upon the faith that the legal position resulting from such actual facts is truly expressed in writing, and so long as there is no actual fraud or misrepresentation, both parties are concluded and estopped from denying the truth of that which has thus been expressed. There can be no breach of a warranty unless its falsity can be shown, and in this case the defendant cannot question its truth, because it undertook to deliver a policy of insurance which would be valid and effectual to protect the actual interest of the insured, which was truthfully stated, and which the insurer well understood.

The case of *Kennedy* agt. *St. Lawrence County Mutual*

*Insurance Company* (10 *Barb.*, 289) is not satisfactory to my mind. The doctrine of estoppel seems to have been entirely overlooked by the learned judge who wrote the opinion. Because the warranty is false, he argues, there can be no recovery. The point now made goes beyond this position. The party who has induced another to make a false statement in writing, when in uttered words the whole truth was spoken, by causing him or her to believe that the writing embodies truthfully the result of spoken sentences, is in no position to question the truth of the writing. As to him it is absolutely true, and the courts will not relieve him from a contract made, not on faith of the writing but on faith of oral utterances, which he undertook faithfully to embody in writing. It will also be noted that in the case referred to the misstatement was the act of an *agent.* In this the pleading avers that the *defendant* itself has, with full knowledge of the facts, prepared the papers alleged to be false. In that case, though the agent was not deceived, yet the company might have been. In this there is no room for any such argument, if that fact could make any difference, which I do not concede. It presents the clear, clean question whether an insurer, who has not been deceived or misled can avail itself of a wrong statement which it has caused the insured in ignorance to make, and vitiate and annul an agreement which, by its delivery, it declared to be legal and binding to carry out the oral application for insurance, and for which the insured parted with her money? To my mind this proposition presents no difficulty, and the moral sense, it seems to me, of every right-minded person revolts at the deliberate attempt to take advantage of its own wrong which the defense involves. Of course upon the trial the proof may not come fully up to the allegations of the pleading. If it does not the trial court will protect the defendant. Treating the reply as literally true I think the defendant is estopped from questioning the truth of the allegation that the insured, Jane A. Lasher, was the owner of the property destroyed. Neither do I see any force in the point

that the plaintiffs cannot maintain this action without an offer to refer. The clause in the policy very obviously, I think, provides only for a case of difference as to the amount of a loss. It so. expressly declares, and the referees are simply to appraise damages. No argument can render more clear the thought which the mere reading of the clause conveys. Not only does it distinctly say when "differences of opinion * * * arise between the parties * * * as to the *amount* of loss, * * * *the* subject," *i. e.*, "the amount" of such loss "shall be referred to two disinterested and competent men," but the whole sentence, in defining the duties of the referees, limits their work to an appraisal and estimate of the damage sustained. It covers, therefore, only a case when the company admits its liability but questions its extent. As the defense in this action is based upon the supposed invalidity of the policy as a whole this ground of demurrer must also be overruled.

Judgment is rendered for the plaintiffs upon the demurrer, and the form of the order will be settled on notice.