[No. 11416.    Department One. — July 23, 1886.]

# L. S. ADAMS ET AL., RESPONDENTS, v. SOUTH BRITISH AND NATIONAL FIRE AND MARINE INSURANCE COMPANIES OF NEW ZEALAND, APPELLANT.

FIRE INSURANCE — POLICY — CONDITIONS FOR ARBITRATION — PREMATURE ACTION. — The action was brought upon a policy of fire insurance to recover the amount of a loss. The policy contained certain conditions and stipulations, quoted in the opinion, which provided in effect that if the amount of the loss could not otherwise be adjusted to the satisfaction of the parties, it should be adjusted by a mode of arbitration therein prescribed, and that until such adjustment, or a fair effort on the part of the insured to obtain it, no action could be maintained by the insured to recover for a loss. No arbitration or award to determine the amount of the loss in question was ever had, nor any demand made therefor by the insured. *Held*, that the action could not be maintained.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The policy in question was issued by the defendant to one I. H. Locey, the assignor of the plaintiffs. Subsequent to the fire, differences arose between the insured and payees under the policy on the one hand, and the defendant on the other, touching the amount of the loss. No arbitration or award to determine the amount was ever had, nor any demand made therefor by the insured or the plaintiffs. On the trial, the defendant asked the court to instruct the jury that the action could not be maintained because of such failure. The court refused to give the instruction, to which the defendant excepted. Judgment was rendered in favor of the plaintiffs. The further facts are stated in the opinion of the court.

*T. C. Van Ness*, for Appellant.

The instruction requested by the defendant should have been given. (*Old Saucilito L. & D. D. Co.*, 66 Cal. 253; *Holmes* v. *Richet*, 56 Cal. 307; *Elliott* v. *Royal Ex-*

*change Ins. Co.*, L. R. 2 Ex. 241; *Gauche* v. *London and Lancashire Ins. Co.*, 11 Ins. Law J. 369.)

*Freeman & Bates,* and *Grove L. Johnson,* for Respondents.

Ross, J. — This is an action upon a policy of fire insurance wherein the defendants agreed that in case of the destruction of or damage to the property insured by fire they would pay to the plaintiffs the amount of such loss or damage, not exceeding the amount in the policy mentioned, " provided always that this insurance shall at all times and under all circumstances be subject to the following conditions and stipulations, which conditions and stipulations constitute the basis of this contract, and are to be considered ˏas incorporated in and forming part of this policy."

Among the conditions and stipulations referred to are the following:—

" 4. In case of loss, the assured shall give immediate notice thereof, and shall render to the companies a particular account of said loss, under oath, stating the time, origin, and circumstances of the fire; the occupancy of the building herein described; other insurance, if any, and copies of the written portion of *all policies;* the whole cash value and ownership of the property, and the amount of loss or damage; and shall produce, if required, the certificate of the chief of the fire department, or his assistant (or if there be no such official, then the certificate under seal of a magistrate, notary public, or commisioner of deeds, doing business nearest the place of the fire), not concerned in the loss or related to the assured, stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has without fraud sustained loss on the property herein described to the amount claimed by the

said assured. The assured shall, if required, submit to examinations under oath either before or after furnishing the proofs herein required, by any person appointed by the companies, and shall answer all questions relating to the alleged loss or damage, and to their claims therefor, and subscribe to such examinations when reduced to writing; and shall also produce their books of account, invoices, and inventories, and other vouchers, and exhibit the same for examination at the office of the companies, and permit extracts and copies thereof to be made. The assured shall also produce certified copies of all bills and invoices the originals of which have been lost or destroyed; and shall also exhibit all that remains of the property which was covered by this policy, damaged or not damaged, for examination to any person or persons named by these companies. In no case shall the claim be for a greater sum than the actual damage to or cash value of the property at the time of the fire, nor shall the assured be entitled to recover under this policy any greater proportion of the loss or damage than the amount hereby insured bears to the whole sum insured on said property, whether the such other insurance be by specific or by general or floating policies. Assignors, unless the assignee owns the property, must make the proofs hereby required. And if there appear any fraud or false declaration, or that the fire shall have happened by the procurement or willful act, means, or connivance of the assured or claimants, or that the assured failed to use his best endeavors in saving and protecting the property from damage at and after the fire, he, she, or they shall be excluded from all benefit under this policy.

"5. In case differences shall arise touching any loss or damage, the matter shall, at the written request of either party, be submitted to two impartial appraisers, mutually chosen (who, in case of disagreement, shall choose a third), and whose detailed estimate, made in writing and signed by any two of them, under oath, shall,

as to the amount of such loss or damage only, be binding on both parties, but shall not decide the liabilities of these companies on this policy."

"11. It is further expressly covenanted by the parties hereto that no suit or action for the recovery of any claim by virtue of this policy shall be sustained in any court until after an award shall have been demanded and obtained, fixing the amount of such claim in the manner above provided."

The language of the stipulations brings the case within the principle of the case of *Old Saucilito Land & D. D. Co.* v. *Commercial Union A. Co.*, 66 Cal. 253, and of the cases there cited, on the authority of which the judgment and order in the present case must be reversed. Here, as it was in the Saucilito case, the clear meaning of the contract is, that if the amount of loss cannot otherwise be adjusted to the satisfaction of the parties, it shall be adjusted by the mode of arbitration therein prescribed, and that until such adjustment, or a fair effort on the part of the insured to obtain it, no cause of action arose.

Judgment and order reversed, and cause remanded for a new trial.

MCKINSTRY, J., and MCKEE, J., concurred.