[No. 20538. In Bank. — June 1, 1889.]

THE PEOPLE, RESPONDENT, *v.* THOMAS McNABB, APPELLANT.

CRIMINAL LAW — INSTRUCTIONS — READING OPINION TO JURY — REVIEW ON APPEAL. — The practice of reading opinions in other cases to the jury as part of the charge of the court in a criminal case is a dangerous one, and is advised against. But where the evidence does not appear in the record, and there is nothing to show whether the defendant was benefited or prejudiced by such practice, the judgment will not be reversed therefor.

APPEAL from a judgment of the Superior Court of Yuba County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. G. Murphy, M. C. Barney,* and *Grove L. Johnson,* for Appellant.

*Attorney-General Johnson,* or Respondent.

SHARPSTEIN, J.—Appellant was tried on a charge of murder, and convicted of manslaughter. He appeals from the judgment, and his contention here is that the court erred in its charge of the jury. The alleged error consists in the reading by the court of the opinion of this court in *People* v. *Munn,* 65 Cal. 211, and stating to the jury that that case "was in many respects like the one at bar."

Whether this statement was correct, we have not the means of verifying, as the evidence is not before us.

In the case of *People* v. *Munn,* the appellant had been

convicted of murder in the second degree, and this court held that the facts did not warrant his conviction of a higher offense than manslaughter. And it seems to us that the object of the court in reading the opinion in that case to the jury in this case was to impress on their minds that the defendant in this case should not be convicted of any higher offense than manslaughter, and not, as appellant's counsel contends, that he should be convicted of manslaughter.

The reading of that case had better have been omitted. The practice of reading cases to juries is a dangerous one, and we advise against it.

In this case the appellant may have been benefited and not prejudiced by it. In the absence of the evidence, we cannot determine which, and therefore cannot reverse the judgment.

Judgment affirmed.

BEATTY, C. J., WORKS, J., McFARLAND, J., and THORNTON, J., concurred.