[No. 11652.   In Bank. — December 30, 1889.]

## GEORGE A. CASE, Respondent, v. MANUFACTURERS' FIRE AND MARINE INSURANCE COMPANY, Appellant.

Fire Insurance — Right of Arbitration — Waiver. — When a policy of fire insurance provides for arbitration upon the written request of either party, in case of differences touching any loss or damage after the proof thereof, the arbitration is not a condition precedent to the right of action, unless demanded after proof of loss; and if no demand for arbitration is made within a reasonable time, or until after a right of action has become complete by the lapse of sixty days from the proofs of loss, the right is waived.

Id. — Mistake in Proofs of Loss — Under-valuation — Estoppel. — Where a mistake occurs in the proofs of loss in under-estimating the total amount of loss, if the insurance company has the right under the policy to demand an arbitration, and has acted upon the under-valuation, by failing to demand an arbitration, the insured cannot in such case recover upon a higher estimate of loss; but there is no estoppel upon the insured to prove the full amount of actual loss as the basis of recovery, in an action upon the policy, notwithstanding such under-valuation, if no right of arbitration is given by the policy, and the insurance company has lost no right or advantage by the under-estimate.

Id. — Insufficient Provision for Arbitration. — No right of arbitration exists under a fire insurance policy when the stipulation for arbitration does not definitely fix the number of arbitrators nor provide a mode of selection.

Id. — Sufficiency of Evidence of Loss. — The evidence in this case held sufficient to sustain a verdict based upon an amount of loss equal to twice the estimate given in the proofs of loss.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*John A. Wright,* and *T. Z. Blakeman,* for Appellant.

The provision for arbitration constitutes a condition precedent to the right of action. (*Old Saucelito Land etc. Co.* v. *Com. Assur. Co.,* 66 Cal. 253; *Adams* v. *Insurance Co.,* 70 Cal. 198; *Carroll* v. *Insurance Co.,* 72 Cal. 297; *Holmes* v. *Richet,* 56 Cal. 309; 38 Am. Rep. 54.) The insured cannot at the trial for the first time make known a material mistake in his preliminary proofs of loss. (*Campbell* v. *Charter Oak Fire Ins. Co.,* 10 Allen, 213; *Insurance Company* v. *Newton,* 22 Wall. 35, 36; *Irving* v. *Excelsior Insurance Co.,* 1 Bosw. 50; *N. Y. Central Insurance Co.* v. *Watson,* 23 Mich. 486.) The arbitration clause is not void for uncertainty. (*Adams* v. *Insurance Co.,* 70 Cal. 198; *Phœnix Ins. Co.* v. *Ger. Ins. Co.,* 2 Flip. 658; *Gibbs* v. *Cont. Ins. Co.,* 13 Hun, 611.)

*Van Ness & Roche,* and *Haggin, Van Ness & Dibble,* for Respondent.

The arbitration clause is void for uncertainty. (*Williams* v. *Hartford Ins. Co.,* 54 Cal. 445; 35 Am. Rep. 77; *Mark* v. *National Fire Ins. Co.,* 91 N. Y. 663.) In the absence of request for arbitration, the arbitration was not a condition precedent to the right of action. (*German-Am. Ins. Co.* v. *Steiger,* 109 Ill. 254; *Ulrich* v. *Nat. Ins. Co.,* 4 Ont. App. 84; *Phœnix Ins. Co.* v. *Badger,* 53 Wis. 283.) A request for arbitration after the right of action has accrued is late, and without effect. (*Gibbs* v. *Continental Ins. Co.,* 13 Hun, 611.) Where there is a mistake in the preliminary proofs of loss, the actual loss may be proven in an action upon the policy. (May on Insurance, 2d ed., secs. 460, 465; *Schmidt* v. *Ins. Co.,* 55 Mich. 432; *Waldeck* v. *Ins. Co.,* 53 Wis. 129; *Con-*

necticut Ins. Co. v. Schenck, 94 U. S. 593; Miaghan v. Hartford Ins. Co., 24 Hun, 58; Lebanon Ins. Co. v. Kepler, 106 Pa. St. 28; Pittsburgh Ins. Co. v. Frazie, 107 Pa. St. 521; Hoffman v. Ætna Ins. Co., 32 N. Y. 405; 88 Am. Dec. 337; Parmelee v. Hoffman Fire Ins. Co., 54 N. Y. 93; McMaster v. Ins. Co., 55 N. Y. 222; 14 Am. Rep. 239; Ætna Ins. Co. v. Stevens, 43 Ill. 31; Germania Ins. Co. v. Curran, 8 Kan. 9; Commercial Ins. Co. v. Huchberger, 52 Ill. 464.)

BEATTY, C. J.—The order denying defendant's motion for a new trial in this case was reversed by a decision of Department One, on the sole ground that the finding as to the amount of respondent's loss was contrary to the evidence.  A rehearing having been granted, we are satisfied, after reargument and re-examination of the record, that we misconstrued the testimony of the witness Pam, and were led to an erroneous conclusion as to the effect of it by failing to add to the invoice price of the goods purchased the whole amount of the freight,— $993.  This was necessary in order to obtain a proper basis for the computation as to the value of the goods destroyed. Making this correction, the computation shows that the goods destroyed were worth a little in excess of four thousand dollars, and so there is evidence sufficient to support the verdict.

As to other points involved in the appeal, we adopt the opinion of the Department.

Judgment and order are affirmed.

MCFARLAND, J., PATERSON, J., SHARPSTEIN, J., THORNTON, J., WORKS, J., and FOX, J., concurred.

The following is the decision of Department One, above referred to, rendered on the 31st of May, 1889 :—

BEATTY, C. J.— This is an action on a fire insurance policy for two thousand dollars issued by the appellant

to Alexander Pam, and by him assigned, after loss, to the respondent. The property insured was a stock of goods in a store at Riverside, Arizona, which was totally destroyed September 12, 1884. There was other insurance on the same goods to the amount of two thousand dollars, making the total amount of insurance thereon four thousand dollars. By the terms of its policy, the appellant was to be liable in case of loss for only such proportion thereof as its insurance bore to the whole amount of insurance. In other words, it was liable for one half of any loss on the goods insured not exceeding four thousand dollars.

The plaintiff had judgment in the superior court for the whole amount of the policy, with interest and costs.

Defendant appeals from the judgment, and from an order denying it a new trial.

As the order appealed from must be reversed on the grounds hereinafter stated, it will be necessary, in view of the further proceedings in the superior court, to pass upon several of the points urged in support of the appeal.

These depend mainly upon the following clauses of the policy in suit:—

"The loss to be paid sixty days after due notice and proofs of the same shall have been made by the assured and received at the office of the company in accordance with the terms and provisions of this policy."

"In case of differences touching any loss or damage after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial appraisers, whose award in writing shall be binding on the parties as to the amount of such loss or damage."

Shortly after the fire, Pam, the insured, gave the defendant notice of the fire, and within a reasonable time furnished the requisite proofs of loss in due form. In these formal proofs he put the total amount of his loss

at two thousand dollars. Counsel for respondent claims that this statement of the amount of the loss was a mistake due to his ignorance as to the correct manner of filling out the blank forms furnished by the defendant, and this claim certainly derives some support from the fact that the total value of the goods immediately preceding the fire was stated in the same proofs to have been five thousand dollars, and they were, as we have said, totally destroyed. He also, in the same proofs, stated the amount of his claim against the defendant to be two thousand dollars, the full amount of the policy. But whether due to mistake or not, the fact remains that, in the formal proofs delivered to the defendant, Pam stated plainly and unequivocally that his total loss was two thousand dollars.

The defendant did not within sixty days after proof of loss make any demand for arbitration as to the amount of loss or damage, but a short time after the expiration of that period, and before the commencement of this action, did make such demand in writing.

In this state of the case, the superior judge, in ruling upon defendant's motion for a nonsuit, and in instructing the jury, decided two propositions, which constitute the principal grounds of controversy between the parties. He held, in effect: 1. That this action is maintainable, notwithstanding it was commenced after defendant's demand for arbitration, and without compliance with such demand; 2. That the plaintiff could be allowed to prove a loss to the extent of four thousand dollars, and thereupon recover the full amount of the policy, notwithstanding his statement in his formal proofs that his total loss was but two thousand dollars.

The appellant contends that both these propositions are erroneous, and as they are necessarily involved in any future trial of the case, we will briefly consider them.

We think it clear that if the formal proofs had stated

a total loss of four thousand dollars or over, and defendant had failed to demand arbitration within the sixty days, at the expiration of which the loss was, by the terms of the policy, to become payable, this would have amounted to a waiver by the defendant of its right to make such demand, and the plaintiff would have been entitled, notwithstanding his refusal to arbitrate, to prove the whole amount of loss so stated.

The necessity of an appraisement was not absolute upon any construction of the policy. It was not a condition precedent to the right of action, unless demanded. The most that can be said is, that either party could demand arbitration within a reasonable time; but if not so demanded, it was waived. It is not necessary to decide what would, under the circumstances of this case, have been a reasonable time within which to make the demand, if the amount of the loss had been correctly stated in the proofs. It is sufficient to say that a demand made for the first time after the expiration of the full period of sixty days, or in other words, after the loss had become payable and a right of action had accrued, would have been too late.

And we think it equally clear that if the plaintiff in this action had confined his demand to an amount justly proportioned to the statement of his total loss, his refusal to arbitrate would have been no ground for denying his right to recover, even admitting defendant's right to an arbitration if seasonably demanded.

But the case in fact is like neither of the cases supposed. The plaintiff did not state a loss equal to that which he has been allowed to prove, and he does not confine his demand to one half of the amount of the loss stated. The question, therefore, which the case presents (assuming, as we do, for the present, that the defendant had a right under the policy to demand arbitration as to the amount of the loss, provided he made such demand within a reasonable time after receiving

the formal proofs) is this, whether the plaintiff could practically deprive the defendant of such right by stating a loss of two thousand dollars, and, after the time for demanding arbitration had passed, proving twice that amount.

It is obvious that if the insured, under a policy containing a stipulation to the effect supposed, should, in his proofs, state a total loss clearly within the actual amount, the insurer would not be likely to demand arbitration, and if his failure to make the demand were held to be a waiver of the right, and it should at the same time be held that the insured could, in an action on the policy, prove any amount of loss, however large, the result would be to deprive the insurer of all benefit of the stipulation.  This, of course, could not be done indirectly, any more than it could be done directly, and it follows that on the assumption of defendant's right to an arbitration,—which its counsel claim, and the judge of the superior court seems to have conceded, —it was error to hold that the plaintiff could prove a loss of more than two thousand dollars, or recover from defendant more than one thousand dollars.  We do not wish to be understood that in so holding we are sustaining the contention of appellant that the insured is estopped from proving the actual amount of loss by the mere fact that he has understated it in his proofs.  We put our decision upon the ground that in the case supposed the insurer has *acted* upon the statement, that he has relied upon it, and refrained from exercising a right which otherwise he would have exercised, and that he would be injured by allowing the insured to prove a greater loss than he has stated.

But the respondent contends that the defendant, under a proper construction of the policy, never had any right to demand arbitration as to the amount of loss.

It is in view of this contention that our observations on the points thus far discussed have been qualified by

the statement that what is said is based upon the *assumption* that defendant had such right. But we think the assumption untenable. The stipulation in the policy upon which the defendant relies is too vague and indefinite to be allowed any validity. It fixes no number of appraisers; it provides no mode of selection. "Either party might withhold its or his assent to the appraiser or appraisers suggested by the other, or the company might suggest one number of appraisers and the assured another number. In either case, and in others that might be supposed, no appraisement could be made." (*Williams* v. *Hartford Ins. Co.*, 54 Cal. 445; 35 Am. Rep. 77.) It is true that in the case cited the language we have quoted was used with reference to a stipulation substantially equivalent to those which in the more recent decisions of this court have been held to make an arbitration a condition precedent to a right of action on the policy, but it is also to be observed that in all those cases the stipulation relied on was far more certain and definite in its terms than the one in question here. In *Adams* v. *Ins. Co.*, 70 Cal. 200, the provision was for *two* appraisers *to be mutually chosen by the parties, who in case of disagreement were to choose a third,* a majority of whom could make a binding award. In other words, the stipulation provided for the number of appraisers, the exact method of selecting them, and the manner of making an award, all of which is totally wanting here.

What is said of the case last cited is equally true of the case of *Old Saucelito L. & D. D. Co.* v. *Com. Union Assurance Co.*, 66 Cal. 253. And neither case can be considered authority for holding the provision of the policy under consideration to be effective. We hold, on the contrary, that it is of no force. We think that if an insurance company desires to secure to itself the right to the liquidation of damages through the intervention of arbitrators or appraisers, it must definitely provide at least for the number of arbitrators, and the mode of

their selection.    (*Mark* v. *National Fire Ins. Co.*, 24 Hun,
565; affirmed 91 N. Y. 663.)

From this view it follows of course that the plaintiff
here can maintain his action, notwithstanding his re-
fusal to arbitrate; and that, since the defendant has lost no
right or advantage by plaintiff's understatement of the
amount of his loss, if, in fact, it was understated, there
is no reason why he should be denied the right to prove
the full amount of the actual loss.    Therefore, the rul-
ings of the superior judge on these points, though put
upon a ground that we consider untenable, were not in
fact erroneous or injurious to the appellant.

But we think that the contention of the appellant,
that the evidence was insufficient to prove a loss of
four thousand dollars, is correct.    We have carefully
examined this evidence, and we think it shows, without
any substantial conflict, a loss of less than four thou-
sand dollars.

The plaintiff's principal witness on this point was his
assignor, Pam, whose method of arriving at the value
of the stock of goods on hand at the time of the fire
was to deduct from the total amount of his sales up to
the date of the fire the assumed percentage of his profits,
and then to deduct the remainder so ascertained from
the invoice price of all the goods he had purchased.
He had carried on business during the latter part of
1883, and had taken up stock and made an inventory
January 1, 1884.    The figures show exactly what was the
amount of his sales and what of his profits during 1883,
and that his *gross* profits during that year were less than
39 per cent of the invoice price of his goods.    He tes-
tifies that his gross profits were larger in 1883 than they
were in 1884, but when he comes to figure out the value
of the stock of goods at the time of the fire, according
to the method stated, he has to assume a profit of 60
per cent in order to bring out his estimate of $5,810.
Taking the percentage of gross profits which he made
the previous year, and which he testifies was larger than

he made in 1884, and applying it to the known amount of purchases and sales in 1884, it shows that he had on hand less than four thousand dollars' worth of goods at the date of the fire, and of these nearly eight hundred dollars' worth were at a distant mining camp, and were not destroyed. Making every allowance in his favor by the additions of freights and so forth, he did not, on his own basis of calculation, lose more than three thousand three hundred dollars.

Another of plaintiff's witnesses (Verdugo) put the value of Pam's stock at three thousand dollars.

Pam's clerk, Gotthelf, says he usually had a stock worth five thousand dollars; and Steinfeld says that three weeks before the fire it was worth five thousand dollars. But it clearly appears from the books that for several weeks before the fire large amounts of goods were being sold and scarcely anything purchased.

Gotthelf does say in his deposition that he places the value of the goods destroyed at five thousand dollars, but this particular answer was not responsive to the interrogatory, and defendant's motion to suppress it ought to have been sustained.

There was no other testimony to sustain a finding of four thousand dollars loss, and the witnesses for the defendant—apparently fair, capable judges, and with good opportunities and sufficient motives to observe the condition and value of the stock —put it at a very much lower figure. In short, the verdict is in this particular without any substantial evidence to support it, and is evidently the result of prejudice or mistake.

For this reason, the defendant was entitled to a new trial, and the order denying it must be reversed.

There is nothing in the remaining assignments of error that calls for particular notice.

The order overruling appellant's motion for a new trial is reversed, and the cause remanded.

McFARLAND, J., and PATERSON, J., concurred.