[L. A. No. 2753.  In Bank.—May 25, 1911.]

## J. M. WINCHESTER, Respondent, v. NORTH BRITISH AND MERCANTILE INSURANCE COMPANY OF LONDON AND EDINBURGH (a Corporation), Appellant.

FIRE INSURANCE—SEPARATION OF DAMAGED AND UNDAMAGED PROPERTY AFTER FIRE—DAMAGE GREATER THAN AMOUNT OF POLICY.—The failure of the assured to comply with a provision in a policy of fire insurance requiring that damaged and undamaged property should be separated and cared for in such manner as to protect the undamaged portion from further deterioration, does not avoid the policy, if the loss, exclusive of the highest appraisement of the undamaged portion of the property, was greater than the full amount of the policy.

ID.—DAMAGE TO ALL OF INSURED PROPERTY.—Under such provision, there was no necessity of a segregation or inventory by the insured, if all the insured property was damaged, although in varying degrees.

ID.—APPRAISEMENT — DELAY OF INSURER IN DEMANDING — WAIVER OF RIGHT.—Where a policy of fire insurance provides, that in the event of a disagreement as to the amount of the loss, the same shall be ascertained by appraisers, but makes such amount "payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received" by the insurer, "including an award by the appraisers when appraisal has been required," the action of the insurer in allowing sixty days to pass after receiving formal proofs of the loss from the insured, without making a demand for an appraisal, is a waiver by it of the right to an adjustment of the loss by appraisement, and entitles the insured to maintain an action on the policy.

CLX Cal.—1

ID.—APPRAISEMENT MUST BE DEMANDED BY INSURER.—Under such cir-
cumstances, the appraisal must be demanded by the insurance com-
pany, otherwise the insured need not submit to that form of settle-
ment.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   George E. Church, Judge presiding.

The facts are stated in the opinion of the court.

Richard T. Archer, and John W. Kemp, for Appellant.

Bernard Potter, for Respondent.

MELVIN, J.—Defendant appeals from a judgment ren-
dered in favor of plaintiff in a suit upon a contract of insur-
ance for loss by fire.

The property alleged to have been destroyed consisted of
certain walnuts which, at the time of the fire, were stored in
a room of a dwelling-house in the city of Los Angeles.   The
suit was for seven hundred dollars, the full amount of the
policy.   Judgment was rendered as prayed.

The court found that before the fire the nuts were of the
value of $958.50; that the total value of the nuts not entirely
destroyed by fire was not in excess of one hundred and fifty-
five dollars; and that the loss to plaintiff was in excess of
seven hundred dollars.   This finding is attacked, but we think
it is upheld by certain evidence, and, of course, we cannot
undertake to pass upon questions which have been decided by
the lower court upon a conflict of testimony where there is
substantial evidence to support the finding.   Mr. Mabb testified
that there were sixty-four hundred pounds of walnuts, about
one half being of the soft-shell variety, and that nuts of one
kind were worth fourteen cents a pound, and of the other
kind, fifteen cents a pound.   This estimate alone would place
the value of the nuts at $928, not the figure fixed by the court,
but an amount sufficiently large to justify the conclusion
reached.   But there was other evidence tending to show that
the personal property insured was of approximately the value
found by the court.   The evidence showed that only about
fifteen sacks of nuts were in such condition that they could be
removed from the room in which the fire occurred.   These were

placed in another apartment and were afterwards sold for fifteen dollars. The nuts averaged in weight a little less than seventy pounds to the sack, and estimating their value at fifteen cents per pound (the highest price which, according to the testimony any of the nuts would bring) they would be worth approximately one hundred and fifty dollars, or about the value found by the court to be the greatest possible limit of their worth.

Appellant's next contention is that the insured failed to comply with the provision of the policy requiring that damaged and undamaged property should be separated and cared for in such manner as to protect the undamaged portion from further deterioration. Respondent's agent did cover the nuts with canvas to protect them from rain and later removed the fifteen sacks mentioned above to another room. Besides this, there was no need of segregation and an inventory of the property in view of the fact that the loss, exclusive of the highest appraisement of the slightly damaged portion of the property was greater than the full amount of the policy. It has been correctly held that whenever the loss exceeds the amount of the insurance there is no question of apportionment. (*Lesure Lumber Co.* v. *Mutual Ins. Co.,* 101 Iowa, 524, [70 N. W. 761].) Under the terms of the policy the segregation is to be made when there is damaged and undamaged property. Here there was testimony which, if true, would support a finding that all of the property was damaged either by fire, water, or smoke. In such a case no segregation or inventory would be necessary.

The most serious question arises upon appellant's contention that the action was prematurely brought. After the fire there were conferences between plaintiff's attorney in fact and defendant's agent. They were unable to agree and an adjuster was employed by plaintiff's attorney in fact to assist in the settlement of the matter. He prepared the proofs of loss in due form and they were filed with the company. Subsequently, defendant made a demand in writing that appraisers should be appointed under the terms of the policy, but this did not reach plaintiff's attorney in fact until after the expiration of sixty days. Thereupon plaintiff refused to submit the matter of her difference with the insurance company to arbitrators and an umpire. It was doubtless the theory of the trial court (and we think the correct theory) that the failure to serve

such notice upon the insured within sixty days after service of proof of loss amounted to a waiver.

The policy of insurance contained the following provisions:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided; and, the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy. . . .

"In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss. . . .

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

It is earnestly contended on behalf of appellant that the parties having failed to agree, an appraisal by persons selected according to the terms of the policy was a condition precedent to the right of the insured to bring suit; that no duty to

demand an appraisement rested upon the insurer; and that therefore the passing of sixty days after the filing of plaintiff's proofs of loss without a demand for appraisal by the company did not amount to a waiver of the right to such an adjustment. We are aware that these views find support in some cases. (*Phœnix Ins. Co.* v. *Lorton & Co.*, 109 Ill. App. 63; *Murphy* v. *Northern British and Mercantile Co.*, 61 Mo. App. 323; *Graham et al.* v. *German-American Ins. Co.*, 75 Ohio St. 374, [79 N. E. 930, 15 L. R. A. (N. S.) 1055].) We believe, however, that the weight, both of reason and of authority, is the other way.

In *Case* v. *Manufacturers' Fire and Marine Ins. Co.*, 82 Cal. 266, [21 Pac. 843, 22 Pac. 1083], the policy under consideration contained the following clauses:

"The loss to be paid sixty days after due notice and proofs of the same shall have been made by the assured and received at the office of the company in accordance with the terms and provisions of this policy.

"In case of differences touching any loss or damage after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial appraisers, whose award in writing shall be binding on the parties as to the amount of such loss or damage."

The defendant made a demand for arbitration more than sixty days after proof of loss by the plaintiff, the latter refused to arbitrate, and the same contention was made as that urged by appellant's attorneys here. Mr. Chief Justice Beatty, delivering the opinion of Department One, which, as to the subject here involved was subsequently adopted unanimously by the court in Bank, said: "We think it clear that if the formal proofs had stated a total loss of four thousand dollars or over, and defendant had failed to demand arbitration within the sixty days, at the expiration of which the loss was, by the terms of the policy, to become payable, this would have amounted to a waiver by the defendant of its right to make such demand, and the plaintiff would have been entitled, notwithstanding his refusal to arbitrate, to prove the whole amount of loss so stated. The necessity of an appraisement was not absolute upon any construction of the policy. It was not a condition precedent to the right of action, unless demanded. The most that can be said is, that either party could

demand arbitration within a reasonable time; but if not so demanded, it was waived. It is not necessary to decide what would, under the circumstances of this case, have been a reasonable time within which to make the demand, if the amount of the loss had been correctly stated in the proofs. It is sufficient to say that a demand made for the first time after the expiration of the full period of sixty days, or, in other words, after the loss had become payable and a right of action had accrued, would have been too late. And we think it equally clear that if the plaintiff in this action had confined his demand to an amount justly proportionate to the statement of his total loss, his refusal to arbitrate would have been no ground for denying his right to recover, even admitting defendant's right to an arbitration if seasonably demanded."

Our attention has been called to *Old Saucilito etc. Co.* v. *Commercial etc. Co.,* 66 Cal. 253, [5 Pac. 232]; *Carroll* v. *Girard Ins. Co.,* 72 Cal. 297, [13 Pac. 863]; and *Adams* v. *Insurance Co.,* 70 Cal. 198, [11 Pac. 627], as expressing the view that arbitration is a condition precedent to the right to sue where the insurer and the insured have failed to agree. In the case first named the question here presented was not squarely raised. In that case there seems to have been a request for arbitration by defendant. Indeed, such request was averred in the complaint and the court found that defendant was always ready to arbitrate the matter, but that plaintiff had at no time offered to submit the difference of opinion between himself and defendant, as required by the policy, to disinterested persons; but the case was decided upon the language of the policy itself, which provided that the loss or damage was payable after the accounts had been *adjusted.* There could be no *adjustment* of the account where the parties to the contract disagreed except by the method of submitting the difference of opinion to a committee as provided in the policy. In the case at bar the loss became payable, not after *adjustment,* but the policy provided that "the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of loss herein required have been received by this company, including an award by appraisers *when appraisal has been required."* In other words, according to the policy before us, there might be an automatic "adjustment" arising from the passage of sixty days without

demand for the selection of appraisers. In *Carroll* v. *Girard Ins. Co.,* 72 Cal. 297, [13 Pac. 863], the arbitrators had been selected and the court held that respondent was bound by their award in fixing the amount of his claim in the suit. That case is in favor of respondent's position here because it holds, in effect, that notwithstanding general language in a policy whereby an insurance company seeks to protect itself against waiver of any of the provisions thereof, it may by its conduct waive a requirement so important as that by which the insured is bound under the contract to file written proofs of loss.

In *Adams* v. *Insurance Co.,* 70 Cal. 198, [11 Pac. 627], the contract was not like the policy here considered as it did not provide (so far as the opinion discloses) that the loss should be paid after the expiration of a certain time following the filing of proofs, etc., including appraisal *if it should be required.* But even if it be conceded that the opinions in the cases just discussed tend to sustain appellant's position, then we must hold that those cases are to that extent overruled by the later opinion of this court in Bank in *Case* v. *Manufacturers' Fire and Marine Ins. Co.,* 82 Cal. 266, [21 Pac. 843, 22 Pac. 1083].

The two portions of the policy, one requiring written notice of request for the appointment of arbitrators by either party to the contract, and the other making the loss payable after proof of damage and award by appraisers *when required,* lead to the conclusion that in the absence of a demand from either party within the sixty days mentioned, there could be no *requirement* of that kind and a waiver of such settlement of the amount of the loss must be presumed.

In *Randall* v. *American Fire Ins. Co.,* 10 Mont. 359, [24 Am. St. Rep. 64, 25 Pac. 959], after analyzing the authorities, including the Californian cases on the subject, the supreme court of Montana says, speaking through Mr. Justice Harwood: "Without further reviewing authorities, we conclude from the number examined bearing upon this important subject that the tendency now is to construe the provision found in contracts like the one before us, providing for arbitration as to differences respecting the amount of loss or damage, to mean, in contemplation of the parties, that the party desiring arbitration shall request the same. In view of the numerous terms and conditions of the contract, and the position occupied by

the parties, we believe this is the manifest intention. Under the terms of the policy, when a loss occurs the time for payment is fixed. Notice and verified proofs of loss are required to be presented by the assured, with other conditions as to proofs and examinations, if the insurer request them. The proofs of loss certify under oath the amount of loss as claimed by the assured. The insurer may accept this estimate, or proceed to negotiate for an adjustment or a 'mutual agreement' with the assured as to the amount he will take in satisfaction of the contract, or the insurer may give notice within the required time of intention to restore the property. All these alternatives for the insurer are provided in the policy, and it is contemplated that the assured must await the movements of the insurer upon some of these lines of action. The assured cannot know which will be adopted until notified by the insurer. The insurer may also, if a difference of opinion as to the fair amount of the loss is entertained, notify the assured thereof and request arbitration. The insurer has the amount of loss claimed by assured stated under oath, and the suggestion of 'differences' in that respect must come from the insurer, and such differences ought to be certain, and would probably involve the admission of liability to pay a stated amount (*Lasher* v. *Northwestern Nat. Ins. Co.,* 55 How. Pr. 318), so that an issue would be stated to submit to arbitration. The insurer, under such a contract, is the only party who can effectually demand and bring about arbitration, or gain a defense by reason of the other party's default in failing to comply therewith. But if the assured fails to request arbitration, this deprives the insurer of no right whatever. If the insurer is deprived of the right of arbitration, it happens by his own laches. Nor by demanding arbitration can the assured bring that remedy into action, for the insurer may simply ignore such demand, and lose no defense thereby when the cause of action is taken into court. Therefore, under the peculiar conditions of the contract, it depends on the will of the insurer alone as to whether he will have arbitration or not. If he demands it in season, according to the conditions of the policy, and the conditions are shown to exist which the policy provides shall be submitted to arbitration, then the assured must accede to the request, for the courts will afford him no remedy until he submits to arbitration. (*Hamilton* v. *Liverpool etc.*

*Ins. Co.*, 136 U. S. 242, [10 Sup. Ct. 945, 34 L. Ed. 419].) But on the other hand, if the insurer is unwilling to arbitrate, he may ignore the request made by the assured therefor; and under such conditions, to require the assured to make the request and plead and prove the fact, is to require a vain and useless act, and the ceremony of proving it, which is always against the policy of the law."

It has been held that appraisal must be demanded by the insurance company, otherwise the insured need not submit to that form of settlement. (*Nurney* v. *Fireman's Fund Ins. Co.*, 63 Mich. 633, [6 Am. St. Rep. 338, 30 N. W. 350]; *Mutual Fire Ins. Co. of N. Y.* v. *Alvord*, 61 Fed. 752, [9 C. C. A. 623]. See, also, *Manchester Fire Ins. Co.* v. *Simmons*, 12 Tex. Civ. App. 607, [35 S. W. 722].)

It follows that the judgment should be affirmed, and it is so ordered.

Henshaw, J., Lorigan, J., Sloss. J., Shaw, J., and Angellotti, J., concurred.