Matthew C. Uhrig, Respondent, *v.* The Williamsburgh City Fire Insurance Company, Appellant.

Under an arbitration clause in a policy of fire insurance, it is the duty of the parties to the contract to act in good faith to accomplish the appraisement in the way provided ; and if either acts in bad faith so as to defeat the real object of the clause, the other is absolved from compliance therewith; and so, when one arbitration fails from default of one of the parties, the other is not bound to enter into a new arbitration agreement.

Defendant issued a policy upon household furniture which contained a clause providing that in case of failure of the parties to agree as to the amount of a loss each should appoint one arbitrator, who should select an umpire to act with them in case of disagreement. A loss having occurred and the parties disagreeing, each selected an arbitrator in pursuance of the policy, who failed to agree. Plaintiff's testimony tended to show that he asked the arbitrator selected by defendant to agree with his in appointing an umpire, and asked defendant to select a new arbitrator ; but they did not accede to his requests. Defendant's evidence tended to show that subsequently it made an offer to appoint a new arbitrator, and that the one selected by it offered to unite in selecting an

umpire, which offer plaintiff refused. Before these offers were made the fragments of the broken and damaged articles insured had been removed under order of the city authorities, so that an appraisal had, to a large extent, become impracticable. There was also some evidence tending to show that defendant was not acting in good faith to procure a speedy appraisal, but was using the clause in the policy to force a compromise. *Held*, that it was a question for the jury to determine whether there was any breach of the policy on the part of plaintiff; and that a refusal to submit the question to the jury was error.

(Argued January 20, 1886 ; decided February 9, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made December 11, 1883, which reversed a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial. (Reported below, 31 Hun, 98.)

This action was upon a policy of fire insurance, the particulars of which as well as the material facts are set forth in the opinion.

*Albert G. McDonald* for appellant. The condition to arbitrate the question of the amount of the loss and damage contained in this policy was a valid one, and the parties, might by express stipulation, make it a condition precedent like any other condition of the policy. (Wood on Fire Ins. 751 ; *Davenport* v. *Long Island Ins. Co.*, 10 Daly, 535 ; *Scott* v. *Avery*, 5 H. of L. Cas. 811 ; 8 Exch. 487 ; *Braunstein* v. *Accidental Death Ins. Co.*, 1 B. & S. 782 ; *Thedwen* v. *Holman*, 1 Hurlst. & Colt. 72 ; *President, etc., Delaware & Hudson Canal Co.* v. *Penn. Coal Co.*, 50 N. Y. 250, 266.)

*Patrick Keady* for respondent. Under all the circumstances it was clearly a question of fact for the jury to decide whether or not plaintiff had complied with the conditions of the policy, not a question of law for the court. (*Rehberg* v. *Mayor, etc.*, 91 N. Y. 137 ; *O'Brien* v. *Phoenix*, 76 id. 459 ; *Short* v. *Home Ins. Co.*, 90 id. 16 ; *Smith* v. *Mechanics & Traders' Ins. Co.*, 32 id. 399 ; *Wyncoop* v. *Niagara Ins. Co.*, 91 id. 478.) The agreement to arbitrate was collateral to the con-

tract, and not a condition precedent which could be pleaded in bar of the action, and did not prevent plaintiff from bringing suit under the policy. (*Gibbs* v. *Continental Ins. Co.*, 13 Hun, 611; *Roper* v. *Linden*, 5 Jur. [N. S.] 491; 1 El. & El. 825; *Cook* v. *N. Y. C. R. R. Co.*, 3 Keyes, 476; *Dunham* v. *Troy Union R. R. Co.*, id. 543; *Colt* v. *Sixth Ave. R. R. Co.*, 49 N. Y. 671.) Plaintiff complied with the arbitration clause of the policy. (*Wyncoop* v. *Niagara Ins. Co.*, 91 N. Y. 478; *Wallace* v. *Ger. Am. Ins. Co.*, 4 McCrary's C. Ct. 123.) The award was not a condition precedent. (*Mark* v. *Nat. Fire Ins. Co.*, 24 Hun, 565; 91 N. Y. 663; *Leach* v. *Neptune Fire Ins. Co.*, 58 N. H. 21; Alb. Law Jour. 97; affirmed, *Leach* v. *Rep. Fire Ins. Co.*, 58 N. H. 245; *Pres't D. & H. Canal Co.* v. *Penn. Coal Co.*, 50 N. Y. 250.) Defendant did not comply with the arbitration condition of the policy. (*Wyncoop* v. *Niagara Ins. Co.*, 91 N. Y. 478.)

EARL, J. The plaintiff held a policy of insurance issued by the defendant upon certain personal property, and the property was destroyed by fire in July, 1882. The policy contained this clause: "The amount of sound value and of damage to the property may be determined by mutual agreement between the company and the assured; or failing to agree, the same shall then, at the written request of either party, be ascertained by an appraisal of each article of personal property, or by an estimate in detail of a building, by competent and impartial appraisers, one to be selected by each party, and the two so chosen shall first select an umpire to act with them in case of their disagreement; and if the said appraisers fail to agree they shall refer the differences to such umpire; and the award of any two in writing, under oath, shall be binding and conclusive as to the amount of such loss or damage, but shall not decide as to the validity of the contract or any other question except the amount of such loss or damage." Among other things in its answer, the defendant alleged that the plaintiff and defendant failed to agree upon the damage occasioned by the fire, and that on or about the 11th day of August, 1882, it served

upon plaintiff a written request that the amount of damages sustained by him from the fire should be ascertained and determined by appraisers to be selected as required by the policy, and offered to select and appoint an appraiser for that purpose, on its behalf, and that he wholly refused to submit to such appraisal or appoint an appraiser for that purpose, and refused to comply with the terms and conditions of the policy in that respect. Upon the trial it appeared that the fire occurred on Sunday, the thirtieth of July; that on the next day the plaintiff notified the defendant of the fire and of the loss; that on the second day of August it requested an arbitration under the policy, and he assented; that thereupon he selected one De Andreau, and the defendant one Magnus as arbitrators, and an agreement in writing was executed by the parties submitting the appraisal of the damages to the arbitrators thus selected, and that the arbitrators failed to agree. The defendant gave evidence tending to show that it subsequently made plaintiff an offer to appoint a new arbitrator in the place of Magnus, and also that Magnus offered to unite with De Andreau in selecting an umpire, but that the plaintiff and De Andreau refused. The plaintiff, as a witness in his own behalf, gave evidence tending to show that, after the arbitrators failed to agree, he requested the defendant to appoint another arbitrator, and that he asked Magnus to agree with De Andreau in appointing an umpire, and they did not accede to his requests.

Under the arbitration clause, it was the duty of each party to act in good faith to accomplish the appraisement in the way provided in the policy, and if either party acted in bad faith so as to defeat the real object of the clause, it absolved the other party from compliance therewith; and if either party refused to go on with the arbitration, or to complete it, or to procure the appointment of an umpire so that there could be an agreement upon an appraisal, the other party was absolved. A claimant under such a policy cannot be tied up forever without his fault and against his will by an ineffectual arbitration. The evidence tended to show that the defendant failed and refused to go on with that arbitration. In the meantime, partly under

the orders of the city authorities, the offensive debris and broken and injured articles about the plaintiff's premises had to a great extent been removed, so that an appraisal had become to a large extent impractical.    There was some evidence tending to show, and from which a jury might have inferred, that the defendant was not acting in good faith to procure a speedy appraisal, and was interposing this clause in the policy for the purpose of forcing a compromise from the plaintiff.    Upon all the evidence, it was a question of fact for the jury to determine whether there was any breach of this clause in the policy on the part of the plaintiff, and the case should thus have been submitted to them.

After its refusal or neglect to go on with the first arbitration which had been agreed upon, on the tenth of August thereafter, the defendant served upon the plaintiff another written request to arbitrate, and offered to select a person to appraise the damages on its part.    To this offer plaintiff refused to accede, and there was evidence, in the conduct of the defendant in reference to the arbitration first agreed upon and in the removal of the property damaged, tending to show that the refusal was justifiable.    The defendant in its answer did not set up as a bar to the action the pending arbitration or any conduct of the plaintiff in reference thereto, but simply alleged that the plaintiff upon request refused to enter into an arbitration as provided in the policy.    This allegation was untrue.    The plaintiff had entered into an arbitration and was not bound to enter into a new one while that was pending, and if that one failed from the fault of the defendant, he had discharged his whole duty under the arbitration clause and was not bound to enter into a new arbitration agreement.    The plaintiff having once consented to arbitrate, if the arbitration failed and came to an end, from the fault of the defendant, the arbitration clause could not stand in the way of this action.

The order should be affirmed, and judgment absolute entered against the defendant, with costs.

All concur.

Order affirmed and judgment accordingly.