ROBERT SHERMAN, Trustee, *vs.* CHARLES A. COBB.

An indenture of lease contained covenants for renewal for successive terms of five years, the rent to be fixed by appraisal as provided in the lease for each succeeding five years.

*Held,* that the landlord could not sue for a reasonable rent without showing that he had tried and failed to have an appraisal made as provided in the lease.

*Held,* further, that an action for a reasonable rent could not be maintained when it appeared that an agreement for appraisal had been made and revoked by the tenant, the agreement for appraisal having been different from the provisions of the lease.

ACTION for rent. Heard by the court, jury trial being waived.

This is the case which was before the court, *Sherman* v. *Cobb,* 15 R. I. 570, where the circumstances appear in which this action was brought.

*January* 21, 1888. PER CURIAM. The plaintiff in this action, having failed to recover on the award, now seeks to recover on a count for use and occupation. The defendant, as appeared at the former hearing, is in occupation under an indenture of lease for five years with covenant for renewals, five years by five years, for seventy-five years longer. It stipulates that the rent after the first five years shall be fixed by appraisal for each succeeding five, and be paid by the lessee as appraised. No appraisal has been made for the current five years. The defendant contends that he is liable for rent only according to the terms of the lease, and offers to join the plaintiff in the appointment of referees to make the appraisal. The plaintiff contends that the attempt already made to fix the rent by arbitration having failed, he is entitled to recover a reasonable rent in his pending action. To this point he cites the following cases : *Phippen* v. *Stickney,* 3 Metc. 384, 389 ; *Stose* v. *Heissler,* 8 Western Reporter, 441, 445 ; *Uhrig* v. *Williamsburg City Fire Insurance Co.* 101 N. Y. 362. These cases hold that when a price under a contract to sell, or a rent under a lease, is to be fixed by appraisal, then, if the referees appointed under the contract or lease to make the appraisal are unable to make it, the vendor or lessor will be entitled to sue for a reasonable price or rent. It will be seen that according to these cases the plaintiff's right to sue for a reasonable rent depends upon a condition precedent, namely, his having tried to get the rent fixed in pursuance of the terms of the lease, and failed to do so. The

plaintiff contends that he has complied with this condition by joining the defendant in the appointment of arbitrators whose authority the defendant revoked. In our former decision, however, we sustained the revocation on the ground that the appointment was not pursuant to the terms of the lease; for if it had been, the revocation would have been unavailing. We still adhere to that view. For anything that appears, a reference under the lease will be effectual, and we think the defendant, if he is to be regarded as still occupying under the lease, which is not questioned, is entitled to such a reference before he is sued without appraisal for a merely reasonable rent.

*Judgment for defendant for costs.*

*James Tillinghast,* for plaintiff.

*Patrick J. McCarthy,* for defendant.