the evidence and upon the appellant's motions were not well taken. The fact that the contract for advertising was signed by W. C. Loftus alone does not preclude a recovery against the co-partnership, since it discloses an intention to make it, not an individual, but a co-partnership, obligation.

The judgment should be affirmed.    All concur.

---

(21 Misc. Rep. 348.)

## YENDEL v. WESTERN ASSUR. CO.

(Supreme Court, Appellate Term.    October 1, 1897.)

1. INSURANCE—ARBITRATION CLAUSE.

A policy of fire insurance may contain a valid and enforceable arbitration clause, and a failure to comply with it, if due to the fault of the party who brings an action on the policy, may be invoked as a defense by the other party.

2. SAME—REFUSAL TO ARBITRATE.

Though an insurer, by giving notice of its total denial of liability under the policy at the time when an appraisal is called for by the terms thereof, may thereby dispense with arbitration or appraisal, yet the fact that he sets up such a denial for the first time when sued on the policy does not waive his right to also defend on the ground of plaintiff's refusal to arbitrate.

3. SAME—TOTAL DESTRUCTION OF PROPERTY.

While an appraisal of the amount of loss under a fire insurance policy cannot properly extend to goods which are conceded to have been totally destroyed, yet an arbitration clause may be so drawn as to cover the question whether or not there was a total destruction.

Appeal from Fifth district court.

Action by Hyman Yendel against the Western Assurance Company. Judgment for plaintiff, and defendant appeals.    Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Edgar J. Nathan, for appellant.
William A. Tyndall, for respondent.

BISCHOFF, J.    The policy in suit contained the customary arbitration clause; and the determination of the loss by appraisers chosen for each side, with power to select an umpire in the event of dispute between them, was a step which the insurer was entitled to have taken in advance of an action by the insured.    The condition was valid and enforceable, and, if not fairly complied with by the party claiming under the policy, it could be invoked as a defense, at least, whether or not its observance was a condition precedent to the plaintiff's cause of action.    Uhrig v. Insurance Co., 101 N. Y. 362, 4 N. E. 745; Davenport v. Insurance Co., 10 Daly, 535; Seward v. City of Rochester, 109 N. Y. 164, 16 N. E. 348.    Such a defense was pleaded to this action, and, as we view the record, was supported by evidence which was not well open to a contrary construction.    Appraisers had been appointed on behalf of both parties,—for the defendant, one Cummings, and for the plaintiff, one Stevenson; but Cummings withdrew before an appraisal had been attempted, and one Freeman was substituted by the defendant.    As to the cause of Cummings' withdrawal the evidence is not very clear, but we cannot

find that it was due to any fault of the defendant, and the substitution of another appraiser was in no manner opposed by the plaintiff. At the time, it appears, the latter acquiesced in the defendant's action as to this. Informed of the appointment, and to arrange a meeting for the appraisal, Stevenson sent a postal card to Freeman, stating that he would call at the latter's office on March 26, 1897, at 10:30 a. m., but no meeting took place on the day thus named; and the action being commenced shortly afterwards, with no further efforts towards an appraisal being made by the plaintiff, it became a question as to which of the parties was in fault with regard to the failure of the meeting. Freeman testified positively that he had remained in his office from the hour appointed by Stevenson until 11:30, and that he did not appear, while Stevenson's testimony was that he had called, and that Freeman then was absent. He was not able to state on his direct examination what time he had called, but at the end of the trial he testified that the time was either 9:30 or 10:30. A letter was sent to Freeman by the plaintiff's attorney on the same day, purporting to contain a statement of the facts of the matter, and from this it appeared that Stevenson had called at 9:30, which was assumed by the writer to have been the time set for the meeting. This letter required Freeman to meet Stevenson on the next day, March 27th; but it was not replied to by Freeman, who had already written to Stevenson, stating that the latter had not kept the appointment made, and suggesting a meeting for the 29th of March. No reply to this letter was received by Freeman or by the defendant, and on the 30th of March the action was commenced. We think that the evidence was with the defendant upon the issue as to the performance of the condition requiring an appraisal. Stevenson was unable to say that he had actually kept to this engagement with Freeman, and, from the written statement by the plaintiff's attorney, it appeared that he had not, yet it was upon the assumed remissness of Freeman in the matter that an abandonment of the condition was sought to be predicated. Unless in fault, the insurer was entitled to look for reasonable efforts from the insured towards the accomplishment of the appraisal. Davenport v. Insurance Co., supra. And in this the plaintiff failed, with the result that the action was open to the defense in question.

It is contended by the respondent that in any event the right to an appraisal was waived by the defendant, because its answer contained a denial of liability under the policy on the ground of fraud upon the part of the insured; and in support of this proposition the case of Lang v. Insurance Co., 12 App. Div. 45, 42 N. Y. Supp. 539, is cited. There can be no doubt that the insurer, by giving notice of its total denial of liability under the policy at a time when an appraisal is called for by the terms of that policy, may well be said to have dispensed with the appraisal or arbitration, since there would be nothing left to arbitrate, under such circumstances; and this was all that was held in the case cited. There the insurer had expressly notified the insured, at or about the date of the loss, that it was liable in no sum whatever under the contract; but in the case at bar the defendant made no such representation, and only after the action

was brought did it raise this issue of fraud. Here the question was simply as to the defendant's right to defend upon the ground of the plaintiff's failure to arbitrate, and, upon the facts which existed at the time when the answer was served, it had that right; nor was the value of this defense to be affected by the pleading of another, although inconsistent, defense. Balmford v. Grand Lodge, 19 Misc. Rep. 1, 42 N. Y. Supp. 881.

Further, it is argued that there was a total loss of the property for which the claim was made, and that there was accordingly no basis for an appraisal; but the proof showed a partial loss of some of the property, and the complaint was framed as upon a partial loss. From the evidence it clearly appeared that this was a case to which the arbitration clause of the policy was intended to attach, and was so understood by the parties; and, moreover, it may be said that, while an appraisal cannot properly extend to goods which are conceded to have been totally destroyed (Lang v. Insurance Co., supra), the words of the condition in this policy fully cover a case where there is a dispute as to whether or not there was a total destruction, leaving that fact to be determined by arbitration, as indeed it was determined in the case cited.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.