EDWARD ROSENWALD and Others, Respondents, v. THE
PHŒNIX INSURANCE COMPANY, Appellant.

*Arbitration clause in a fire insurance policy — when it does not apply to property wholly
destroyed — an inability to agree on the loss must be shown in order to make the
arbitration clause a defense to an action.*

In an action, brought to recover upon two policies of insurance, after the property
insured, which was Wisconsin leaf tobacco, had been totally destroyed by fire,
it appeared that the ownership, quantity and value of the tobacco, its destruc-
tion and the service of the proofs of loss, were not contested, but that the
adjusters claimed that the plaintiffs were not entitled to the market-value of
the tobacco and offered to pay only the actual cost.

Upon the trial the defendant insisted that the action could not be maintained until
the amount of the loss was ascertained by arbitration, as required by a clause
contained in the policy in question, providing that when personal property is
damaged the insured should put it in order and assort and separate the damaged
from the undamaged; and, also, that "the amount of sound value and of damage
to the property, whether real or personal, covered by this policy, or any part
thereof, may be determined by mutual agreement between the company and
the assured, or failing to agree the same shall then, at the written request of
either party, be submitted to competent and impartial arbitrators,    *    *    *
the award of any two of whom, in writing under oath, shall be binding and con-
clusive as to the amount of such *loss or damage,* but shall not determine the
validity of the contract, nor the liability of the company, nor any other question
except only the amount of such loss or damage."

*Held,* that this provision could have no possible relation to property insured which
had no existence, owing to its absolute destruction.

*Herrman* v. *Merchants' Insurance Company* (81 N. Y., 184); *Rann* v. *Home
Insurance Company* (59 id., 387); *Hoffman* v. *Ætna Ins. Company* (32 N. Y., 405),
*Williamson* v. *Hand in Hand Mutual Fire Insurance Company* (16 Upper Canada
Com. Pl. Rep., 266) followed.

That, as the right to arbitration only arises where there is a failure to agree, and
that is a condition precedent of the right thereto, and as there was in this case no
real dispute as to the value of the property destroyed, the only question being as
to the obligation of the company to pay anything more than the cost of the
property described, that the fact that no arbitration had been had was not a
defense to the action.

Appeal from a judgment in favor of plaintiffs, entered on May
18, 1886, in the office of the clerk of the city and county of New
York, upon the trial of this action at the New York Circuit, a jury
trial having been waived.

*G. A. Black*, for the appellant.

*B. F. Einstein*, for the respondents.

Brady, J.:

This action was brought upon two policies of insurance. The property insured was Wisconsin leaf tobacco of the grade of 1884, and was in two warehouses in Stoughton, Wis. It was, on the 5th of July, 1885, totally destroyed by fire. The policy provided that the loss should be estimated at the full cash value at the time of its destruction. It should be noted here that the ownership, the quantity and value of the tobacco, its destruction by fire, and the service of the proofs of loss, were not contested by the defendant. After the fire the adjusters, on behalf of the defendant and other insurance companies interested, met at Chicago, when the books and papers of the plaintiffs bearing upon the loss were produced. The adjusters made a thorough examination of the books, but claimed that the plaintiffs were not entitled to the market-value of the tobacco, and offered to pay them the actual cost of it. There does not seem to have been any dispute as to the market-value, the attitude of the adjusters being that the plaintiffs were only entitled to the cost price.

The defendant insisted, first, that, under the terms of the policy, no action could be maintained until the amount of the loss was ascertained in the manner provided by the policy; that is to say, by arbitration, inasmuch as there was a difference as to the amount to be paid, arising, it seems to be very clear, only on the interpretation put upon the policy, namely, the defendant's responsibility only for the cost of the property destroyed; second, that the defendant had done all that was necessary or incumbent upon it for the purpose of securing the arbitration, which the plaintiffs refused to grant as requested.

The plaintiffs, in answer to this, contended that the request for the arbitration was not made during the period allowed by the terms of the policy, and that the refusal to arbitrate was not absolute, but that the place in which the defendant desired the arbitration to take place was inappropriate and unreasonable. There are some propositions, resulting from this contention as to arbitration, which have invoked elaborate examination and citation of authorities on

behalf of the defendant, and it may be conceded, for the purposes of this decision, that the terms of the policy, if applicable to the facts and circumstances of the loss, require that there should be an ascertainment of the amount of the loss by arbitration, in the manner therein provided, before any action could be maintained.

But it is insisted, on the part of the plaintiffs, and it seems rightly, that these provisions relate only to instances in which the property insured is partially destroyed, and have no application, therefore, when it is totally destroyed. The policy in question contains the following provisions: " When personal property is damaged the assured shall forthwith cause it to be put in order, assorting and arranging the various articles according to their kind, separating the damaged from the undamaged, and shall cause an inventory to be made and furnished to the company of the whole, naming the quantity, quality and cost of each article." " The amount of sound value and of damage to the property, whether real or personal, covered by this policy or any part thereof, may be determined by mutual agreement between the company and the assured, or failing to agree, the same shall then, at the written request of either party, be submitted to competent and impartial arbitrators, one to be selected by each party, the two so chosen, in case of disagreement, to select a third ; and the award of any two of whom, in writing under oath, shall be binding and conclusive as to the amount of such loss or damage, but shall not determine the validity of the contract, nor the liability of this company, nor any other question except only the amount of such loss or damage."

It will be observed that what is to be submitted to arbitration under the provisions just quoted is the amount of sound value and of damage to the property; and this necessarily contemplates that the sound article is in existence but has been damaged, and that the arbitrators shall decide as to the extent of the damage. It is quite clear that this provision can have no possible relation to a thing which has no existence, absolute destruction having distinguished the loss. If there had been any design to require arbitration where a total loss occurs, it is fair to presume that with the vigilance which marks the contracts made by the insurance companies it would have been set out in the policy. The absence of any such clause or agreement makes the principle declared in *Herrman* v.

*Merchants' Insurance Company* (81 N. Y., 184) applicable to this case, viz., that words in a policy of insurance "must be taken in their ordinary sense, as commonly used and understood; and if the sense in which they were used is uncertain, as they are found in a contract prepared and executed by the insurer, they should be construed most favorably to the insured;" and, as was said, in *Rann* v. *Home Insurance Company* (59 N. Y., 387): "In the interpretation of conditions inserted in and making part of the contract by insurers and in language chosen by them, care should be taken that a strained and unnatural effect should not be given to words and terms to the prejudice of the insured, and in no case should they be extended by implication so as to embrace cases not clearly or reasonably within the very words of the condition." And also in *Hoffman* v. *Ætna Insurance Company* (32 N. Y. 405): "It is also a familiar rule of law that, if it be left in doubt, in view of the general tenor of the instrument and the relations of the contracting parties, whether given words were used in an enlarged or a restricted sense, other things being equal, that construction should be adopted which is most beneficial to the promisee." See, also, *Williamson* v. *Hand in Hand Mutual Fire Insurance Company* (16 Upper Canada Com. Pl. Rep. 266), in which the policy as to the provision under consideration was similar, and in which the court held that the provisions for ascertaining the amount of damage by examination or appraisal were not essential where a total loss was claimed, that is, where no claim was made for goods partially damaged or destroyed. If this view be correct. there is no force whatever in the objection that the arbitration was not assented to, and very little doubt is entertained of the correctness of the view expressed, and that it is controlling in the proper construction of the provisions of the policy.

There is still another view of this subject which must enure to the benefit of the respondent, and that is, that the arbitration only follows when there is a failure to agree, and that is a condition precedent, therefore, of the right to arbitration. It has already been suggested that there was no real dispute as to the value of the property destroyed, the objection being as to the obligation of the company to pay anything more than the cost of the property destroyed. These conclusions cover the points presented elaborately

and ably by the learned counsel for the defendant to which it is not deemed necessary to refer in detail or to take up consecutively.

Assuming that when the facts and circumstances require the observance of the provisions of the policy in reference to arbitration, that formality is necessary in ascertaining the amount of damage and is a condition precedent, nevertheless the plaintiffs are entitled to recover for the reasons already given, that they did not exist in this case, and, of course, all suggestions, propositions doctrines and principles, in reference to that element of the defense, are swept away as having no application.

Judgment should be affirmed, with costs.

Van Brunt, P. J., and Daniels, J., concurred.

Judgment affirmed, with costs.