AUGUST ZIMERISKI v. THE OHIO FARMERS' INSURANCE COMPANY.

*Fire insurance—Appraisal—Action on policy.*

An insurance policy provided that, in case of disagreement as to the amount of a loss thereunder, it should be ascertained by appraisers, one of whom should be selected by the insured and one by the company and the third by the appraisers thus chosen, and that the amount of the loss should be payable 60 days after due notice, ascertainment, estimate, and satisfactory proof of the loss were received by the company. Fifty-seven days after proofs of loss were received, to which no objection had been made, and when it was too late to select arbitrators and secure an appraisal until after the period fixed for the payment of the loss, dating from the furnishing of proofs of loss, had expired, the company served on the insured a demand for an appraisal, which is held to have been served too late to suspend the right of action of the insured on the policy.

Error to Wayne. (Reilly, J.) Submitted on briefs April 14, 1892. Decided May 13, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*George Cox (John D. Conely,* of counsel), for appellant.

*Henry Ohrns,* for plaintiff.

MONTGOMERY, J. The defendant issued to the plaintiff a policy in the standard Michigan form. The property covered by the policy was burned on the 18th of July, 1890, and on the 23d of July proofs of loss were made out and served upon the general agent of the company by Mr. Ohrns, the plaintiff's attorney, who at the time stated to the agent that Mr. Zimeriski was a foreigner, unable to speak the English language, and that he (Mr. Ohrns) had been employed to look after the matter for him. The agent replied that he would settle his own losses. No evidence was offered to show any subsequent attempt to reach an agreement. On the 18th of September, 1890, a letter was left at the residence of the plaintiff, but not with the plaintiff, which read as follows:

"DETROIT, MICH., August 28, 1890.
"To AUGUST ZIMERISKI.
"*Dear Sir:* Please take notice that the Ohio Farmers' Insurance Company of Le Roy, Ohio, demands that an appraisal be made by appraisers of the property claimed to be destroyed or injured by fire on the 18th day of July, A. D. 1890, under policy No. 9,319, as provided for in said policy.
"OHIO FARMERS' INSURANCE COMPANY.
E. A. HOUGH, General Agent."

By the policy the company undertook to insure plaintiff against all direct loss and damage by fire to an amount not exceeding $300, and it contained provisions which are relied upon by the defendant, as follows:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained

or estimated according to such actual cash value. * * * Said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided; and, the amount of loss or damage having been thus determined, the sum for which this company is liable, pursuant to this policy, shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy. It shall be optional, however, with this company to take all or any part of the articles at such ascertained or appraised value, and also to repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time, on giving notice, *within thirty days after the receipt of the proof herein required, of its intention so to do.*"

The record shows that it was admitted on the trial. that the word "proof" in the clause giving the option to the company to take all or any part of the articles ascertained means "proof of loss."

The policy contained a provision that, within 60 days after the fire, the insured should render a statement to the company, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured, and of all others, in the property; the cash value of each item thereof, and the amount of loss thereon; all incumbrances thereon, etc.; and that the insured should also, if required, furnish a certificate of a magistrate, submit to examination under oath, etc. These provisions are followed by the further provisions:

"*In the event of disagreement as to the amount of loss,* the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their difference to the umpire; and the award in writing of any two shall be

*prima facie* evidence of the amount of such loss. The parties thereto shall pay the appraiser, respectively, selected by them, and shall bear equally the expenses of the appraisal and umpire.

"This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof, by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

The sole question for determination is whether the letter addressed to Zimeriski, and left at his house with his infant son, was sufficient, under these provisions, to suspend the right of plaintiff to bring suit. The plaintiff was a resident of the city of Detroit, and the fire occurred there, and the agent Hough resides at Jackson. Fifty-seven days after the proofs of loss were furnished, and more than sixty days after the fire occurred, notice is given by the company, which offers the name of no appraiser, suggests no time or place for the arbitration, but leaves the burden upon the plaintiff to seek out the company, either through its general agent at Jackson, or at the home office in Le Roy, Ohio, to suggest an appraiser, and ask the concurrence of the company.

1. We do not think the notice was timely. There is much force in the contention of plaintiff, which is that, inasmuch as the policy requires that the company shall determine whether it will elect to take the property at the appraised value within 30 days after the proofs of loss are received, it necessarily follows that the appraisal intended must be made, or, at least, demanded, within this period. But, however this may be, the demand in the present case came too late. The company had given no notice that the proofs of loss were not satisfactory

.for 57 days after the proofs had been furnished. It then .served a notice, which comes too late for the plaintiff to ·make a selection of an appraiser, notify the company, .and have the appraisal made, until after the period fixed for the payment of the loss, dating from the furnishing ·of proofs of loss, had expired. As the company names no appraiser, it would have been necessary for the plaintiff to have communicated again with the agent at Jack-.son, by letter or otherwise, and to have awaited the .receipt of a letter in reply, and then again to have communicated with the company, naming his appraiser. It would then have become necessary for the appraisers to .meet, and, in a contingency, name a third, and proceed with the appraisement and award. This could not have .been accomplished until after the company became liable ·to pay. No such delay was within the contemplation of ·the parties. There is nothing on the record to excuse .it. Neither of the cases, *Chippewa Lumber Co. v. Insur-.ance Co.*, 80 Mich. 116, nor *Morley v. Insurance Co.*, 85 Mich. 210, has any application here. In neither case was .any question raised as to the sufficiency of the demand for an appraisal by the company. In *Nurney v. Insurance Co.*, 63 Mich. 634, it is held that, where a policy ·contained similar provisions to the one here involved, arbitration became imperative only after written request for one had been made.

2. It is at least questionable whether the conditions ·existed which authorized the company to demand an appraisal. The provisions are that "said ascertainment ·or estimate shall be made by the insured and this company, or, if they differ, then by appraisers;" and that, "in the event of disagreement as to the amount of loss, the ·same shall, as above provided, be ascertained" by appraisers. There is nothing upon the record to show any attempt on the part of the company to adjust this loss by agreement

with the insured, prior to the demand for an appraisal. On the contrary, it refused to negotiate with the plaintiff's attorney. Under these circumstances, it has been held that the right to demand an appraisal does not exist. See *Rosenwald v. Insurance Co.*, 50 Hun, 172 (3 N. Y. Supp. 215); *Randall v. Insurance Co.*, 10 Mont. 360 (25 Pac. Rep. 959). See, also, *Insurance Co. v. Badger*, 53 Wis. 283 (10 N. W. Rep. 504), and *Wallace v. Insurance Co.*, 2 Fed. Rep. 658.' But, without determining this question, we think that, upon the ground first stated, the circuit judge was right in directing a verdict for plaintiff.

Judgment affirmed, with costs.

The other Justices concurred.