HELEN SILVER, Respondent, *v.* THE WESTERN ASSURANCE COM-
PANY OF TORONTO, CANADA, Appellant.

FIRE INSURANCE — COMPLIANCE WITH AGREEMENT FOR APPRAISAL
A CONDITION PRECEDENT TO ACTION UPON POLICY.  Where, in pursuance
of the provisions of the standard fire insurance policy, the parties have
entered into a written agreement to submit to appraisers the amount of
a loss, both parties are equally bound to act in good faith to accomplish
the appraisement, and where the insured, beyond the appointment of an
appraiser, has taken no steps to render it effective and there is no evidence
that the insurer, either in the execution of the agreement or for the pur-
pose of defeating its object, has acted in bad faith, the former will not
be absolved from compliance with its terms and justified in abandoning
the proceedings and resorting to an action to recover the amount of the
loss.

*Silver* v. *Western Assur. Co.*, 33 App. Div. 450, reversed.

(Argued October 15, 1900; decided October 30, 1900.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered Octo-
ber 31, 1898, affirming a judgment in favor of plaintiff entered
upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are
stated in the opinion.

*George A. Stearns* for appellant.  As a matter of law the
defendant did not waive the right to an arbitration.  (*Vander-
griff* v. *C. E. Co.*, 161 N. Y. 435; *De Witt* v. *A. Ins. Co.*,
157 N. Y. 353; *Ronald* v. *M. R. F. L. Assur. Co.*, 132 N.
Y. 378; *Underwood* v. *F. J. S. Ins. Co.*, 57 N. Y. 500;
*Allen* v. *G. A. Ins. Co.*, 123 N. Y. 12; *Decker* v. *Sexton*, 19
Misc. Rep. 59; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y.
328; *Diehl* v. *A. C. M. Ins. Co.*, 58 Penn. St. 443; *Beatty*
v. *L. C. M. Ins. Co.*, 66 Penn. St. 9; *Findeisen* v. *M. F. Ins.
Co.*, 57 Vt. 520.)  The requirement of the policy that the
amount of loss or damage should be ascertained either by
agreement between the parties or by an appraisal as therein
provided, was a condition precedent to the right of action.

(*D. & H. C. Co.* v. *P. C. Co.*, 50 N. Y. 250 ; *Seward* v. *City of Rochester*, 109 N. Y. 164; *Scott* v. *Avery*, 5 H. L. Cas. 811 ; *Davenport* v. *L. I. Ins. Co.*, 10 Daly, 535 ; Richards on Ins. [2d ed.] 182; *U. S.* v. *Robeson*, 9 Pet. 319.) At the opening of the trial, and before any evidence was taken, the defendant moved to dismiss the complaint on the ground that the facts stated did not constitute a cause of action. The motion should have been granted. (*Tooker* v. *Arnoux*, 76 N. Y. 397; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 420; *Pope* v. *T. H. C. Co.*, 107 N. Y. 61; *Thomas* v. *Van Ness*, 4 Wend. 549; *Austin* v. *N. Ins. Co.*, 16 App. Div. 86; *Reining* v. *City of Buffalo*, 102 N. Y. 308 ; *Carroll* v. *G. F. Ins. Co.*, 72 Cal. 297; *G. A. Ins. Co.* v. *Etherton*, 25 Neb. 507.)

*Abraham H. Sarasohn* for respondent. The evidence and circumstances in this case fully justified the trial justice's decision denying defendant's motion to dismiss the complaint on the ground that there had been no appraisal, and holding as a matter of law that the evidence sufficiently shows a waiver of appraisal by the insurance company defendant, there being no dispute or question as to the facts constituting such waiver. (*Uhrig* v. *W. C. F. Ins. Co.*, 101 N. Y. 362; *Gee* v. *C. B. Ins. Co.*, 67 Iowa, 217; *Tillie* v. *C. Ins. Co.*, 86 Va. 811; *P. D. G. Co.* v. *I. F. Ins. Co.*, 51 N. W. Rep. 123; *Zimerisky* v. *O. F. Ins. Co.*, 52 N. W. Rep. 55.) The clause in the fire insurance policy regarding an appraisal on arbitration is not a condition precedent in an action to recover on the policy. (*Gibbs* v. *C. Ins. Co.*, 13 Hun, 611; *Lawrence* v. *N. F. Ins. Co.*, 73 N. Y. S. R. 398; *Mark* v. *N. Ins. Co.*, 24 Hun, 565.)

PARKER, Ch. J. The action is upon a standard insurance policy to recover for damages sustained by fire. In pursuance of one of the provisions of the policy the parties entered into a written agreement to submit to appraisers the fixing of the amount of damages sustained by the assured, but before the appraisers acted this action was commenced.

The defendant's answer alleged as a defense that notwithstanding its demand for an appraisal of the loss, none had been made at the time of the commencement of the action, and both at the close of the plaintiff's case and of the whole case, defendant asked for a dismissal of the complaint on that ground, and exceptions taken to the refusals of the court to dismiss present the only question we need consider.

The learned counsel for the plaintiff admits that compliance with the requirement of the policy that the amount of loss or damage should be ascertained either by agreement between the parties or by an appraisal would, under ordinary circumstances, constitute a condition precedent to the right of action, but contends that the facts of this case bring it within the doctrine of *Uhrig* v. *Williamsburgh City Fire Insurance Co.* (101 N. Y. 362), where it is held that under an arbitration clause in a policy of fire insurance it is the duty of the parties to the contract to act in good faith to accomplish the appraisement in the way provided, and if either acts in bad faith so as to baffle the real object of the clause, the other is absolved from compliance therewith. An examination of the facts, as stated in the opinion in the *Uhrig* case, discloses that the parties agreed upon an arbitration, and the arbitrators having failed to agree, the plaintiff requested the defendant to appoint another arbitrator, or agree with one selected by the plaintiff in appointing an umpire, so that an appraisement could be effected, but that his request was not complied with; and later the defendant served upon the plaintiff another written request to arbitrate, and offered to select a person to appraise the damages upon its part, and the court said: "The plaintiff had entered into an arbitration and was not bound to enter into a new one while that was pending, and if that one failed from the fault of the defendant, he had discharged his whole duty under the arbitration clause, and was not bound to enter into a new arbitration agreement." And further said: "There was some evidence tending to show, and from which a jury might have inferred, that the defendant was not acting in good faith to procure a speedy appraisal, and was inter-

posing this clause in the policy for the purpose of forcing a compromise from the plaintiff."

The contention of the plaintiff in this case is that the evidence is of such a character as to support a finding by the jury that the defendant was acting in bad faith, with the purpose of defeating the real object of the clause; that, therefore, the plaintiff is absolved from compliance with it, and hence that the refusal to dismiss the complaint was not error. The arbitration agreement was signed by both parties, and by it Jacob Jacobson was appointed appraiser on the nomination of the plaintiff, and Adolph Friedman on behalf of defendant, the agreement bearing the date of December 14th, 1895. From that date until the 28th day of January following, at which time this action was commenced, it does not appear that the plaintiff, his appraiser or his attorney took any action whatever looking to the making of the appraisement for which the agreement undertook to provide. The defendant's appraiser and attorney seem to have taken all the steps that were taken towards bringing about an appraisement. On January 6th Adolph Friedman, defendant's appraiser, addressed to the plaintiff at the place where the fire occurred a registered letter, but it was returned, having stamped across the face of it in red ink: "Returned to sender; cannot be found by N. Y. P. O. Jan. 9, 1896." It also bore in writing the words: "Removed, No address W. R. 164." A few days later and on January 14th defendant's attorney sent a letter to the plaintiff's attorney in which he stated that he was informed that the address of plaintiff's appraiser was not given in the agreement, and that the defendant's appraiser had addressed to him a registered letter in the care of plaintiff at the last known address of the latter, but that it had been returned, and the letter concluded with the request: "Will you kindly advise me where Mr. Bass' appraiser can be reached and oblige, * * *." Two days later the plaintiff's attorney replied to this letter as follows:

"The address of Mr. Jacob Jacobson, the appraiser designated by my client, Abraham Bass, is No. 1 Market street,

this city, and I believe is so stated in the agreement for appraisal executed by my client.

"Mr. Bass informs me that no registered letter was received by him from Mr. Friedman; and, as he has not changed his address, I doubt if any has ever been sent."

In view of the fact already mentioned, that no one on behalf of the plaintiff ever took any action toward hastening the appraisement provided for by the agreement, the apparent indignation of this letter would be difficult to account for were it not that the record discloses that the attorney was mistaken when he stated his belief that his client's appraiser's address was stated in the agreement and also in his expression of doubt as to whether any letter had been sent to the former address of Mr. Bass. The appraisal agreement is in the record, and while it gives the name of the plaintiff's appraiser, it does not give his address, and the envelope which was put in evidence and to which reference has already been made, shows that his doubt as to whether any such letter had ever been sent was not well founded.

No evidence has been given tending to show that the defendant was not acting in good faith when it executed the agreement for appraisement. There was a delay of some days, covering in part the Christmas holidays, after the agreement was executed, before defendant's appraiser undertook to get in communication with the plaintiff's appraiser, but it does not appear that this delay was prompted by or known to the defendant. On the other hand, there was still greater delay on the part of the plaintiff's appraiser, upon whom rested precisely the same measure of obligation to proceed promptly with the appraisement as devolved upon the defendant's appraiser. Not only did the plaintiff's appraiser omit, then or later, to perform the duties of an appraiser, but the plaintiff also seems to have omitted suggesting to his appraiser, to the defendant, or to its appraiser, that expedition was desired for any reason. It is the "duty of *each party* to act in good faith to accomplish the appraisement," said the court in the *Uhrig Case* (*supra*), *i. e.*, it is just as much the duty of one party as of the other,

49

and, hence, it is difficult to discover the logic of the contention that the assured and his appraiser could sit still from the time of making the agreement until the commencement of the action, and then deprive the other party, whose appraiser and attorney did take some action towards carrying out the agreement, of the benefit of the agreement on the ground that its object had not been made effective by an appraisement.

We think there was no evidence upon which the jury could base a finding that the plaintiff should be absolved from compliance with the agreement to appraise because the defendant in bad faith sought to defeat the real object of the provision in the policy providing for an appraisement of damages.

The judgment should be reversed and a new trial granted, with costs to abide the event.

GRAY, BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Judgment reversed, etc.