## BOSTON INS. CO. et al. v. KIRBY.
### (No. 107.)

(Court of Civil Appeals of Texas. Eastland. Feb. 18, 1926. Rehearing Denied March 26, 1926.)

1. **Insurance** &#9758;567—Fire insurance company could contract for right to demand an appraisal on disagreement as to loss.

A provision in fire policy that, in event of disagreement as to amount of loss, the insurer might demand an appraisal by competent, disinterested parties, the insured and insurer each selecting one and these two selecting an umpire, *held* reasonable.

2. **Appeal and error** &#9758;1008(1)—Finding as to delay in demanding appraisal of loss insured against held conclusive.

Where jury found that delays by fire insurance company of 58 and 59 days after receiving proofs of loss, before making demands for appraisal under the appraisal clauses, were unreasonable, *held*, finding could not be disturbed because what constitutes reasonable time is question of fact for jury.

3. **Insurance** &#9758;576(1)—Unreasonable delay in demanding appraisal after proof of loss is received by insurance company waives right to demand it.

Where policy required proofs of loss within 60 days and the loss should be determined by appraisers in case of disagreement, and that loss was not payable until 60 days after receipt of proofs including the award where required, retention of proofs of loss, for an unreasonable time, by the insurer, without demand for an appraisal, waived right to demand it.

4. **Trial** &#9758;260(1).

Error, if any, in refusing to give special charges to jury where matter was covered in the main charge, *held* harmless.

Error from District Court, Taylor County; W. R. Ely, Judge.

Action by A. H. Kirby against the Boston Insurance Company and another. From a judgment in favor of plaintiff, defendants bring error. Judgment affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiffs in error.

Kirby, King & Overshiner, of Abilene, and Mack & Mack, and H. K. Welch, all of Fort Worth, for defendant in error.

RIDGELL, J. The appellee filed petition complaining of the Boston Insurance Company and of the Milwaukee Mechanics' Insurance Company, alleging as against each of said companies that he owned a dwelling house in Abilene, Tex., and that on January 23, 1924, while the policies were in force, the said house was damaged and injured by fire to the extent of $9,550; that the house was worth $10,000; and that plaintiff performed all the conditions of the policies of the respective companies. The damage claimed against the Milwaukee Mechanics' Insurance Company was $3,000, and against the Boston Insurance Company a like sum. Each of the defendants answered by plea in abatement, alleging that the plaintiff failed to agree with appellants as to the amount of the loss, whereupon it in good faith made written demand for appraisal as provided in the policy, which demand was refused by appellee. Appellants further answered subject to plea in abatement that they should neither be held liable for more than its pro rata portion of the loss, and alleged that plaintiff held $10,000 insurance, and in the event of liability, the liability of appellants should be no more than the provisions of the policy, and appellants further answered by general denial. The cause was submitted to a jury, and following the answers of the jury, the court entered judgment in favor of appellee, and this cause is now before this court by writ of error.

[1-3] Propositions 1, 2, and 3 bearing on same matter will be treated together, and are as follows:

First. The provision of the policy relative to the fixing of the loss by appraisal is reasonable, valid, and enforceable.

Second. The plaintiff is not entitled to maintain his suit because of his refusal to accede to the demand of the defendants for an appraisal.

Third. The demand for appraisal having

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

been made before anything was due under the policies, the same had to be acceded to and an award returned, before plaintiff could maintain a suit on the policies.

Each of the policies contained the following provisions:

"In the event of disagreement as to the amount of the loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one and the two so chosen shall first select a competent and disinterested umpire. The appraisers together shall then estimate and appraise the loss, stating separately the sound value and damage, and failing to agree shall submit their differences to the umpire and the award in writing of any two shall determine the amount of such loss."

The policy further provides:

"And the loss shall not become payable until sixty days after the ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

The policy further provides:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after the full compliance by the insured with all the foregoing requirements."

"Said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided, and, the amount of loss or damage having been thus determined, the sum for which the company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy."

The policy further provided that the assured—

"within ninety-one days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all polices; any changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of fire; and shall furnish, if required, verified plans and specifications of any building, fixtures, or machinery destroyed or damaged and shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify."

"In the event of disagreement as to the amount of loss the same shall, as above stated, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire."

This fire occurred on January 23, 1924. The appellee made out his proof of loss on February 12, 1924. A few days after February 24th, Messrs. Howard & Davis, adjusters for appellants, met appellee in Abilene and discussed the question of the loss. No agreement was reached and negotiations continued more or less between appellee and agents of companies, until April 14, 1924, when the Southwestern Adjustment Company made written demand by letter for appraisal. The appellee declined the offer on March 26, 1925, and filed this suit April 29, 1925.

The jury in answer to special issue found that the demand for appraisal made by each of the companies was not made within a reasonable time. There is sufficient evidence in the record to support the finding. While the insurance company could reasonably contract for the right to demand and receive an appraisal as provided by terms of its policy, yet it cannot be said that they could wait their own time to make such demand, but it must be presumed and contemplated the demand would be made in a seasonable and reasonable time. In this case appellants waited for 58 days on one policy and 59 on the other, after receiving proof of loss, before making demand. It being a question of fact to what would constitute a reasonable time, and the jury having found against appellee on that issue, it cannot be said that appellants were within their contractual rights at the time their demand was made. American Fire Ins. Co. v. Stuart (Tex. Civ. App.) 38 S. W. 395; Lion Fire Ins. Co. v. Heath, 68 S. W. 305, 29 Tex. Civ. App. 203; Springfield F. & M. Ins. Co. v. Hays, 156 P. 673, 57 Okl. 266, L. R. A. 1917A, 1078; Zimeriski v. Insurance Co., 52 N. W. 55, 91 Mich. 600, L. R. A. 1917A, page 1086. The retention of proof of loss by appellants for an unreasonable time without demand for appraisal would be a waiver of any defect or right to demand appraisal. The assignment bearing on three propositions will, therefore, be overruled.

[4] Proposition No. 8, complaining of court refusing to give appellants' requested spe-

cial charges 1 and 2, which submitted the question of appraisal, will be overruled. The issue was covered in the main charge, and no harm could result to appellants in refusing the special charges.

By propositions 4 and 5 it is insisted error was committed in charge of court submitting measure of damages. The court on measure of damages submitted the following issue:

"How much would it have cost plaintiff immediately following fire of January 23, 1924, in Abilene, Tex., to have repaired and replaced with material of like kind and quality those portions of the building situated on lots 16, 17, and 18, block 47, Abilene, Tex., injured or damaged as a result of the fire?"

The jury answered: "$8,500."

There is ample evidence to support the finding, and no challenge of sufficiency of evidence is made or pointed out by appellants, and the assignment is overruled.

Complaint is made in refusal to submit special issues as to the value of house before and after fire. The court submitted measure of damage in main charge and no harmful result under facts was sustained by refusal to give special charge and even though special charge submitted the proper measure of damages in the light of main charge and facts, it cannot be said the error in refusing same (if error) was so prejudicial as to require a reversal, but at most was harmless.

I profess grave doubt that the statement of facts should be considered, but that matter has been passed and is not now a material inquiry. This cause was submitted to the jury on issues made by pleadings of parties and evidence in case. The jury found against appellant, and the learned trial judge rendered judgment responsive to the findings of fact. The loss occurred. The appellee made out his proof complying with the terms of policy, and nearly 60 days after receiving the proof, demand was made for appraisal.

Under the authorities cited, the facts as found by jury, the persuasion of justice and right, we conclude that the record demands an affirmance of judgment of trial court, and it is so ordered.